IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PABLO SANTIAGO,<br>    Plaintiff,<br><br>        v.<br><br>PROFESSIONAL FORECLOSURE<br>CORPORATION OF VIRGINIA,<br>and<br>DEUTSCHE BANK NATIONAL<br>TRUST COMPANY,<br>    Defendants. | Civil Action No. 3:23cv378 (RCY) |

**MEMORANDUM OPINION**

This is a declaratory judgment action removed from state court by Defendant Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2006-WL2 ("Deutsche Bank"). The matter is before the Court on Plaintiff Pablo Santiago's Motion to Remand, ECF No. 6, and Deutsche Bank's Motion for Judgment on the Pleadings and to Dismiss Plaintiff's Complaint with Prejudice Pursuant to Fed. R. Civ. P. 12(c) ("Motion to Dismiss"), ECF No. 4. The motions have been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Motion to Remand will be GRANTED; the Court cannot reach the questions presented in the Motion to Dismiss.

**I. BACKGROUND**

Plaintiff Pablo Santiago resides in his home located at 5743 Walcott Avenue, Fairfax Virginia, 22030 ("the Property"). Compl. ¶ 1, ECF No. 1-2. On October 13, 2005, Plaintiff entered into a mortgage loan agreement, in which he was listed as the "Borrower" and Flexpoint Funding

Corporation ("Flexpoint") was the "Lender." *Id.* ¶ 5. The loan was evidenced by a note ("the Note") secured by a deed of trust ("Deed of Trust"). *Id.* The Deed of Trust became a lien on the home. *Id.* The Deed of Trust named Netco, Inc. ("Netco") as trustee. *Id.*

At some point before December 31, 2013, Flexpoint assigned the Note and Deed of Trust to JPMorgan Chase Bank, National Association ("JPMorgan"), and JPMorgan took possession of the Note and Deed of Trust. Notice of Removal ¶ 11, ECF No. 1. JPMorgan executed an affidavit of missing or incomplete assignment that explained, among other things, that there was a gap in the chain of assignments between Flexpoint and JPMorgan, and that JPMorgan was in physical possession of the Note and the Deed of Trust. *Id.* ¶¶ 12–13.

On December 31, 2013, JPMorgan executed an assignment of the Deed of Trust, which assigned the Deed of Trust and all interests in the same to Deutsche Bank. *Id.* ¶ 14. On April 11, 2022, Deutsche Bank executed an appointment of substitute trustees removing Netco as trustee and appointing Professional Foreclosure Company ("PFC") and Auction.com-VA, LLC, ("Auction.com") as substitute trustees. *See id.* ¶ 15; Def.'s Mem. Opp. Ex. B, at 13,[1] ECF No. 8-2.

PFC and Auction.com initiated proceedings to foreclose on the Property, scheduling foreclosure for September 13, 2022. *See* Def.'s Mem. Opp. Ex. B, at 13. In response, on August 16, 2022, Plaintiff filed an action against PFC and Auction.com in the Circuit Court for Henrico County, Virginia to halt that foreclosure. *See id.* at 2; Def.'s Mem. Opp. 11, ECF No. 8. However, the September 13, 2022, foreclosure sale was eventually cancelled, so Plaintiff nonsuited the case. *See id. See generally* Def.'s Mem. Opp. Ex. C., ECF No. 8-3.

---

[1] Page numbers referring to this exhibit refer to the page numbers as provided by CM/ECF, and not necessarily to the internal numbering of the documents within the exhibit.

PFC initiated new proceedings to foreclose on the Property, this time scheduling a sale for January 24, 2023. *See* Compl. ¶ 11.

### A. State Court Action

In response to the scheduling of the January 24, 2023 foreclosure, on or about December 12, 2022, Plaintiff commenced the underlying state court action in the Circuit Court for Henrico County (this time without naming Auction.com as a defendant). Notice of Removal ¶ 2, ECF No. 1. Plaintiff asserts five (5) counts in his Complaint, all seeking declaratory relief. *See generally* Compl. Counts 1 through 4 seek declarations "that any foreclosure of the home on January 24, 2023[,] would be void, alternatively voidable." *Id.* ¶¶ 14, 20, 31, 39. Count 5 seeks a declaration as to the ownership of the Note (i.e., a declaration as to who has a right to foreclose on the Property). *Id.* ¶ 43.

On January 18, 2023, Deutsche Bank filed a motion to intervene in the state court action, asserting that it is has an interest in the Property, as the Note holder and a secured party. Notice of Removal ¶ 3.

January 24, 2023, came and went, and the planned foreclosure sale did not take place. *Id.* ¶ 16. Instead, the January 24, 2023, foreclosure was cancelled and not rescheduled. *Id.*

On May 13, 2023, the state court granted Deutsche Bank's motion to intervene through an agreed order submitted by the parties. *Id.*

### B. Removal to Federal Court

On June 9, 2023, Deutsche Bank and PFC removed the state court action to this Court. *See generally id.* at 1. On June 28, 2023, Deutsche Bank filed a Motion to Dismiss, ECF No. 3, and a brief supporting that motion, *see* Def.'s Mem. Supp., ECF No. 4. On July 10, 2023, Plaintiff filed a Motion to Remand, ECF No. 6, and an accompanying Memorandum in Support, ECF No. 7. On July 23, 2023, Deutsche Bank filed its brief opposing the Motion to Remand. *See* Def.'s Mem.

Opp. After obtaining leave of court, *see* ECF No. 9, 10, on July 29, 2023, Plaintiff filed a belated Memorandum in Opposition of the Motion to Dismiss, ECF No. 11. On August 3, 2023, Deutsche Bank filed a Reply in further support of the Motion to Dismiss. *See* Def.'s Reply, ECF No. 12.

Currently, there is no foreclosure by Deutsche Bank or by PFC pending, and neither Deutsche Bank nor PFC allege any plans to foreclose on the Property in the future. *Id.* at 3–4 ("[I]t would not be true . . . that PFC or [Defendant Deutsche Bank] have threatened [Plaintiff] with another foreclosure, or that . . . either have in fact rescheduled the [January 23, 2023] sale for a later date."); *see also* Def.'s Mem. Supp. 5 (representing that the January 24, 2023 sale "has been cancelled, it has not been rescheduled, and it has not place [sic] at all").

## II. LEGAL STANDARD

"Subject matter jurisdiction is a threshold issue" which a court "must address before addressing the merits" of a claim. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999); *see also Hendiazad v. Ocwen Loan Servicing, LLC*, 828 F. App'x 923, 924 (4th Cir. 2020) ("Before proceeding to the merits, a federal court must satisfy itself that it has jurisdictional power to rule on the merits of a case." (alteration and internal quotation marks omitted)). Without subject matter jurisdiction, "a court can only decide that it does not have jurisdiction." *Burrell v. Bayer Corp.*, 918 F.3d 372, 379 (4th Cir. 2019). Accordingly, when faced with a motion to remand and a motion to dismiss, a court must first assess the motion to remand and may only consider the motion to dismiss if the court determines it has subject matter jurisdiction over the action. *See, e.g., id.* at 379–80; *Hendiazad*, 828 F. App'x at 924; *Zhang v. Cigna Healthcare, Inc.*, No. 1:22-cv-1221, 2023 WL 3727936, at *2 (E.D. Va. May 30, 2023).

The district court must remand a case back to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c). The party seeking removal bears the burden of demonstrating that removal is proper

and that the federal court has jurisdiction over the action. *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The federal court "must strictly construe removal jurisdiction," and "[i]f federal jurisdiction is doubtful, a remand is necessary." *Id.*

### III. DISCUSSION

The sole remaining claim in this action is Count 5 of the Complaint,[2] seeking a judicial declaration regarding ownership of the Note. Compl. ¶¶ 40–43, ECF No. 1-2. As Defendant Deutsche Bank frames the claim (relevant because establishing federal jurisdiction is its burden upon removal, *see, e.g.*, *Mulcahey*, 29 F.3d at 151): (1) Count 5 is a challenge to Defendant's right to foreclose pursuant to the Note, *see* Def.'s Mem. Opp. 8, 11, ECF No. 8, and (2) the Court has jurisdiction to decide the question on the basis of diversity of citizenship, *see id.* 2–9. The issue on the instant Motion to Remand is whether this Court in fact has subject matter jurisdiction to grant the declaratory relief that Count 5 requests. The Court concludes that, under Article III of the Constitution, it does not, as Count 5 is not ripe.[3]

Article III of the United States Constitution limits the subject matter jurisdiction of the federal courts to "Cases or Controversies." U.S. Const. art. III, § 2, cl. 1. Under the Declaratory Judgment Act, a district court, "[i]n a case of actual controversy within its jurisdiction[,] . . . may declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201(a). "[T]he phrase 'case of actual controversy' in the Act refers to the type of 'Cases'

---

[2] Counts 1 through 4 in the Complaint all seek declarations that the January 24, 2023, foreclosure sale is void or voidable. *See* Compl. ¶¶ 7–39, ECF No. 1-2. But because that foreclosure sale did not occur, that portion of the Complaint is now moot. *See Washington v. Wells Fargo Bank, N.A.*, No. 3:15-cv-741, 2016 WL 1572941, at *2 (E.D. Va. Apr. 18, 2016) (holding that the cancellation of the foreclosure sale mooted the four counts in the complaint seeking declaratory relief with respect to the cancelled sale).

[3] Plaintiff's Motion to Remand is premised on the argument that there is no diversity jurisdiction under 28 U.S.C. § 1332(a); most of the Defendant's briefing revolved around that issue as well. *See* Pl's Mem. Supp. 1–2, ECF No. 7; Def.'s Mem. Opp. 1–9. But federal courts "have a burden to address Article III jurisdiction sua sponte[.]" *Wild Virginia v. Council on Env't Quality*, 56 F.4th 281, 293 (4th Cir. 2022) (emphasis omitted). The burden to demonstrate that a claim is ripe, though, remains with the party invoking federal jurisdiction. *Id.*; *see Mulcahey*, 29 F.3d at 151.

and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). A federal court thus has subject matter jurisdiction to issue a declaratory judgment if three requirements are met: (1) the complaint alleges a justiciable Article III case or controversy; (2) the court possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction. *See Volvo Const. Equipment North America, Inc. v. CLM Equipment Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004). To satisfy the case-or-controversy requirement of Article III in a declaratory judgment action, the facts alleged, under all the circumstances, must show that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127.

The jurisdictional demand that a declaratory judgment action be of "sufficient immediacy and reality," *id.*, is a restatement of Article III's "ripeness" requirement.[4] If a matter is not "ripe," it is not a justiciable "case or controversy" under Article III. *Scoggins v. Lee's Crossing Homeowners Ass'n*, 718 F.3d 262, 269 (4th Cir. 2013) ("The 'ripeness' requirement originates in the 'case or controversy' constraint of Article III, and presents a 'threshold question [] of justiciability.'" (alteration in original)). Ripeness doctrine "determines when a case or controversy is fit for federal judicial review." *Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 199 (4th Cir. 2019). "'[I]ts basic rationale is to prevent the courts, through avoidance of premature adjudication, from

---

[4] Perhaps, too, it could be understood as going to the "actual or imminent" sub-element of Article III's standing requirement. *See generally Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) ("[T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact'— an invasion of a legally protected interest which is[, among other things,] 'actual or imminent, not "conjectural" or "hypothetical[.]"'"). Although ripeness and standing are "distinct doctrines, . . . justiciability problems . . . can often be described as either standing or ripeness while addressing the same fundamental question." *Trustgard*, 942 F.3d at 199 n.4. For purposes of resolving the instant Motion to Remand, the Court will address the issue through the ripeness lens.

entangling themselves in abstract disagreements.'" *Id.* (quoting *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 148–49 (1967)). At bottom, the ripeness doctrine serves to "guard against [a court's] rendering of an opinion 'advising what the law would be upon a hypothetical state of facts.'" *Id.* at 200 (quoting *MedImmune*, 549 U.S. at 126).

"A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). For this reason, "[a]n important factor in considering ripeness is whether resolution of the tendered issue is based upon events or determinations which may not occur as anticipated." *A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 932 (4th Cir. 1977).

The Court must thus ask whether Count 5 raises a justiciable, ripe Article III case or controversy. Defendant contends that this "challenge to a lender's right to foreclose is ripe for adjudication[.]" Def.'s Mem. Opp. 11. Defendant's sole factual argument for why this must be so is that "foreclosure has actually been attempted twice" in this dispute, once in the context of this lawsuit (on January 23, 2023) and once prior to that (on September 13, 2022). *Id.* Defendant cites two Fourth Circuit cases—*Stephens v. HSBC Mortg. Servs., Inc.*, 565 F. App'x 238 (4th Cir. 2014), and *Horvath v. Bank of New York, N.A.*, 641 F.3d 617 (4th Cir. 2011)—that it contends supports its position that this claim, as currently staged, presents a ripe, justiciable controversy. *See id.* at 10–11.

Given the facts alleged, the Court cannot find that Defendant has met its burden to establish that Count 5 is ripe for adjudication. In this case, no foreclosure has ever occurred; both the January 23, 2023, foreclosure and the August 16, 2022, foreclosures were cancelled. Defendant admits that there is no actively pending foreclosure proceeding. *Cf. Clarke v. Dunn*, No. 13-cv-2330, 2014 WL 4388344, at *9 (D. Md. Sept. 4, 2014) ("[T]he Dunns' declaratory judgment action [seeking to stop foreclosure and quiet title] is ripe for review, because Substitute Trustees are

7

attempting to foreclose."). Defendant admits that there are no current plans by it or by PFC to foreclose at any specific point in the future. Defendant does not even suggest that it, or PFC, or anyone else *may*, at some unknown time, *intend* to reassert any purported rights under the Note and commence new foreclosure proceedings. *But cf. Granados v. Bank of Am., N.A.*, No. 1:15-cv-752, 2015 WL 4994534, at *3 (E.D. Va. Aug. 19, 2015) (finding that the plaintiff's claim for declaratory judgment in deciding that a deed of trust possessed by the defendants was void "fail[ed] because there [wa]s no ripe controversy" where the plaintiff asserted that the defendants "may intend . . . to commence a foreclosure upon him illegally"). Defendant has alleged nothing that leads this Court to believe that issuing an opinion on the Trust's right to foreclose would be anything other than an impermissible "opinion advising what the law would be upon a hypothetical state of facts." *Trustgard*, 942 F.3d at 200 (quoting *MedImmune*, 549 U.S. at 127) (internal quotation marks omitted).

The cases that Defendant cites do not suggest otherwise. Those two cases, *Stephens v. HSBC Mortg. Servs., Inc.* and *Horvath v. Bank of New York, N.A.*, stand only for the proposition that "a challenge to a lender's ability to foreclose on a mortgage contract is *not* ripe when there has been '*no* attempt to foreclose.'" *Stephens*, 565 F. App'x at 240 (quoting *Horvath*, 641 F.3d at 622 n.2) (emphases added). *Stephens* and *Horvath* do not alone necessitate an inverse finding—that a challenge to a lender's ability to foreclose is *per se* ripe when there *has* been an attempt to foreclose.

Rather, the Court is more persuaded by district court opinions from within the Fourth Circuit involving facts like those presented here—a party seeking a declaration of rights regarding foreclosure when there had been attempted, but cancelled, foreclosure, and no foreclosure attempt was pending—have held that there was no actual, ripe controversy. In *Johnson v. Countrywide Home Loans, Inc.*, No. 2:15-cv-513, 2016 WL 7042944 (E.D. Va. Jan. 26, 2016), *aff'd*, 669 F.

8

App'x 117 (4th Cir. 2016), the plaintiff faced foreclosure and initiated suit seeking "a judicial determination of the rights, obligations and interest of the parties with regard to the subject property . . . so that all parties may ascertain and know their rights, obligations and interests with regard to the subject property." *Id.* at *5. But, just as here, "although a foreclosure sale may have been pending when [the p]laintiff initially filed his lawsuit, the foreclosure sale was voluntarily cancelled." *Id.* Thus, there was "no actual controversy of sufficient immediacy" to confer federal jurisdiction to issue a declaratory judgment. *Id.*

Even more on point is the District of Maryland's decision in *Lomp v. U.S. Mortg. Fin. Corp.*, No. WMN–13–1099, 2013 WL 6528909 (D. Md. Dec. 11, 2013). There, the plaintiff's complaint sought "an order that the Note and Deed of Trust [were] incapable of enforcement" by the defendant. *Id.* at *4. The defendants there, just like here, "ha[d] previously filed *two* actions to foreclose on the Subject Property." *Id.* (emphasis added). But, just as in this case, at the invocation of federal jurisdiction, "there was no existing effort to enforce the Note or Deed of Trust through foreclosure." *Id.* Accordingly, the court in *Lomp* concluded that the claim sought "'an advisory opinion as to whether any future attempt at . . . foreclosure would be valid'" under the applicable law, which was "'not the purpose of a declaratory judgment.'" *Id.* (quoting *Chalk v. PNC Bank, Nat. Ass'n*, No. CCB–11–3052, 2012 WL 2915289, at *3 (D. Md. July 16, 2012)). Because the declaratory judgment action sought to "decide future rights in anticipation of an event which may never happen," the court held that "no justiciable controversy exist[ed]." *Id.*

This Court agrees with the *Johnson* and *Lomp* courts. With no foreclosure having occurred, no actively pending foreclosure proceeding, and not even a suggestion that there will be another attempt to foreclose in the future, "no justiciable controversy exists" here. *Id.* There is no "sufficient immediacy" (or, really, any immediacy at all) to the legal question Count 5 presents. *See MedImmune*, 549 U.S. at 127. A ruling as to the propriety of any potential future attempt to

9

foreclose on the Property pursuant to the Note—to reiterate, an attempt which "may not occur," *Texas*, 523 U.S. at 300; *A/S J. Ludwig Mowinckles Rederi*, 559 F.2d at 932; *see* Def.'s Reply 3–4, ECF No. 12 ("[I]t would not be true . . . that PFC or [Deutsche Bank] have threatened [Plaintiff] with another foreclosure, or that . . . either have in fact rescheduled the [January 23, 2023] sale for a later date.")—"would be premature and therefore tantamount to an advisory opinion in contravention of Article III." *Hanover Ins. Co. v. C. David Venture Mgmt., LLC*, No. 1:21-cv-790, 2022 WL 3924264, at *4 (E.D. Va. Aug. 30, 2022). With ripeness lacking, the Court lacks federal subject matter jurisdiction over this action.[5] The Court accordingly must remand this matter back to state court.

Based on its pleadings, Defendant feels as though it has a slam-dunk, straightforward win on the merits here. But "[h]owever desirable prompt resolution of the merits . . . question may be, it is not as important as observing the constitutional limits set upon courts." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 110 (1998).

### IV. CONCLUSION

For the reasons stated above, the Motion to Remand will be GRANTED. Accordingly, the Court cannot reach the issues in the pending Motion to Dismiss.

An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: October 20, 2023

---

[5] Because the Court concludes that it lacks subject matter jurisdiction as an Article III matter, the issue of whether diversity jurisdiction exists under 28 U.S.C. § 1332(a) is irrelevant.